IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AIRLINES REPORTING CORPORATION :
A Delaware Corporation :
4100 North Fairfax Drive; Suite 600 :
Arlington, Virginia 22203, :
:
        Plaintiff, :
: Civil Action No.: 1:10cv1121 GBL/JFA
v. :
:
A-K TRAVEL NETWORK, INC. :
d/b/a AIR K TRAVEL; A K TRAVEL NETWORK :
2600 W Peterson Avenue, Suite 100 :
Chicago, IL 60659-4031 :
:
    **SERVE AGENT:** :
    Barbara M. Decoster :
    4801 W. Peterson Ave., Suite 412 :
    Chicago, IL 60646 :
:
AND :
:
SYED KHALID SAGHIR :
6746 N. Whipple :
Chicago, IL 60659 :
:
AND :
:
WASIM KHAN :
:
        Defendants. :

## COMPLAINT

COMES NOW Plaintiff, Airlines Reporting Corporation (hereinafter referred to as "ARC"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and alleges as follows:

## THE PARTIES

1. ARC is a Delaware corporation with its principal place of business at 4100 N. Fairfax Drive, Suite 600, Arlington, Virginia, 22203.

2. Upon information and belief, DEFENDANT A-K TRAVEL NETWORK, INC. D/B/A AIR K TRAVEL and A-K TRAVEL NETWORK (hereinafter "A-K TRAVEL") is a corporation with its principal place of business in Chicago, Illinois.

3. DEFENDANT SYED KHALID SAGHIR is an adult individual whose last known address is 6746 N. Whipple, Chicago, IL 60659.

4. DEFENDANT WASIM KHAN is an adult individual whose last known address is

5. Upon information and belief, DEFENDANT SYED KHALID SAGHIR serves as the sole stockholder, president, and director of A-K TRAVEL and holds an ownership interest in A-K TRAVEL.

6. Upon information and belief, at all relevant times, DEFENDANT WASIM KHAN as manager of A-K TRAVEL had access to ticket stock and plates and the funds derived from the sales thereof, and was involved in the preparation of weekly sales reports to ARC.

## JURISDICTION AND VENUE

7. This Court has jurisdiction on the basis of the diversity of citizenship of the parties. 28 U.S.C. §1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000).

8. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2).

234467-1

9. This Court has personal jurisdiction over the Defendants pursuant to Va. Code § 8.01-328.1 and on the basis of Defendants' contacts with this forum.

## FACTS COMMON TO COUNTS ONE THROUGH SEVEN

10  Upon information and belief, at all relevant times, A-K TRAVEL NETWORK, INC. has been doing business as, A-K TRAVEL NETWORK and AIR K TRAVEL with its principal office in Chicago, Illinois, and a branch in Morton Grove, Illinois.

11. Plaintiff ARC serves as a national clearinghouse for issuing documents and other forms ("ARC traffic documents") to travel agents to be used as air passenger tickets by the travel agents' customers.

12. ARC maintains an agency list of persons and entities qualified to serve as travel agents and issue ARC traffic documents.

13. ARC enters into Agent Reporting Agreements ("ARA") with the travel agents which govern the issuance of ARC traffic documents. The Agreement between ARC and A-K TRAVEL is attached as Exhibit 1 to the Complaint, and incorporated herein by reference.

14. Upon application for accreditation, ARC approved A-K TRAVEL's Chicago location for the receipt of ARC traffic documents on or about June 9, 1994, and its Morton's Grove location on or about 2001.

15. In order to maintain accreditation, ARC periodically requires agencies to execute a Memorandum of Agreement to the ARA. Effective May 5, 2003, SYED KHALID SAGHIR entered a Memorandum of Agreement to the ARA on behalf of A-K TRAVEL. Effective August 22, 2005, DEFENDANT WASIM KHAN entered the most recent ARA with ARC on behalf of A-K TRAVEL. A copy of the Memorandum of Agreement executed by DEFENDANT SYED KHALID SAGHIR on behalf of A-K TRAVEL is attached hereto as

Exhibit 2, and incorporated herein by reference. A copy of the Memorandum of Agreement executed by DEFENDANT WASIM KHAN on behalf of A-K TRAVEL is attached hereto as Exhibit 2, and incorporated herein by reference.

16. Under the ARA, DEFENDANT A-K TRAVEL and DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN are required to hold ARC traffic documents in trust for ARC.

17. The ARA also required that DEFENDANT A-K TRAVEL and DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN hold proceeds from all sales of ARC traffic documents in trust.

18. Under the ARA, DEFENDANT SYED KHALID SAGHIR was required to file weekly sales reports detailing all ARC traffic documents issued to clients of A-K TRAVEL during the preceding period.

19. The ARA further required that DEFENDANT SYED KHALID SAGHIR, as an individual who concurred in the adoption of the contract, be responsible for the accuracy of the weekly sales reports.

20. DEFENDANT WASIM KHAN, as manager and/or agent/employee of the travel agency, was also authorized to prepare and was responsible for the preparation and accuracy of the weekly sales reports.

21. The required weekly sales reports of A-K TRAVEL, and the amounts set forth therein, serve to authorize the ARC area bank to draw a check on the travel agencies' respective accounts in appropriate amounts payable to ARC.

22. Upon information and belief, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN purposefully failed to include in the required weekly sales reports to ARC all

234467-1

sales of air transportation tickets and ancillary services issued by DEFENDANT A-K TRAVEL on ARC traffic documents.

23. Upon information and belief, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN reported certain sales to ARC, for which they failed to make funds available as required by Section VII.B of the ARA (the "Dishonored Drafts") in an amount not less than Two Hundred Thousand Five Hundred Fifty Nine and 05/100 Dollars ($200,559.05.)

24. Upon information and belief, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN purposefully deprived ARC of monies due from ticket sales by diverting funds to themselves.

25. DEFENDANT SYED KHALID SAGHIR as the principal and/or owner of DEFENDANT A-K TRAVEL, and DEFENDANT WASIM KHAN as manager and/or agent/employee of A-K TRAVEL purposefully deprived ARC of monies due from the proceeds on ARC traffic document sales by allowing the mishandling of funds in the agency account.

26. On or about September 17, 2007, the ARA between ARC and A-K TRAVEL was terminated.

27. As a consequence of the foregoing and taking into account all payments and credits, DEFENDANTS SYED KHALID SAGHIR, WASIM KHAN and A-K TRAVEL remain indebted to ARC in an amount not less than One Hundred Nineteen Thousand Nine Hundred Sixty and 55/100 Dollars ($119,960.55).

28. ARC has demanded that DEFENDANT A-K TRAVEL, and DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN pay this amount and such demand has been denied.

5

234467-1

## COUNT ONE: BREACH OF CONTRACT

29. ARC repeats and realleges the allegations and averments set forth in Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

30. DEFENDANT SYED KHALID SAGHIR as owner and/or principal of DEFENDANT A-K TRAVEL, and DEFENDANT WASIM KHAN as manager and/or agent/employee of DEFENDANT A-K TRAVEL knew or should have known that the ARA governed the operation of DEFENDANT A-K TRAVEL in order to retain ARC accreditation.

31. DEFENDANT SYED KHALID SAGHIR, as an owner and officer of A-K TRAVEL, signed the Memorandum of Agreement for A-K TRAVEL.

32. DEFENDANT WASIM KHAN as manager and/or agent/employee of A-K TRAVEL signed and additional Memorandum of Agreement to the ARA for A-K TRAVEL.

33. On numerous occasions, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN failed to make funds available to ARC on reported sales of ARC traffic tickets, resulting in Dishonored Drafts in an amount not less than Two Hundred Thousand, Five Hundred Fifty Nine and 05/100 Dollars( $200,559.05.)

34. DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN breached Section VII.B and Section VII.G of the ARA by failing to make such funds available to ARC on reported sales.

35. ARC has performed all conditions required of it under the ARA, including all conditions precedent.

36. As a result of the foregoing material breaches of the ARA by DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN, ARC has been damaged in an amount not

less than One Hundred Ten Thousand One Hundred Thirty Nine and 05/100 Dollars ($110,139.05), after accounting for all payments and credits.

WHEREFORE, ARC respectfully requests that judgment as to Count One be entered in its favor against DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN jointly and severally for breach of contract and that ARC be awarded monetary damages in an amount not less than One Hundred Ten, One Hundred Thirty Nine and 05/100 Dollars ($110,139.05), plus attorney's fees and costs, and any additional relief that this Court may deem appropriate.

## COUNT TWO: BREACH OF FIDUCIARY DUTY

37.    ARC repeats and realleges the allegations and averments set forth in Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

38.    Under Section XII.D of the ARA, DEFENDANT SYED KHALID SAGHIR, as an officer of DEFENDANT A-K TRAVEL, undertook express fiduciary duties to ARC to hold in trust ARC traffic documents.

39.    Under Section VII.B of the ARA, DEFENDANT SYED KHALID SAGHIR , as an officer of DEFENDANT A-K TRAVEL, undertook express fiduciary duties to ARC to hold in trust the proceeds of sales of ARC traffic documents, less applicable commissions, until such proceeds were paid to ARC.

40.    Despite the express undertakings of these fiduciary duties set forth in Paragraphs 35-36 DEFENDANT SYED KHALID SAGHIR deliberately failed to adhere to the terms of the trust, and acted to ARC's detriment, contrary to the terms of the trust.

41.    Upon information and belief, in breach of these fiduciary duties and relationships, DEFENDANT SYED KHALID SAGHIR  appropriated for his own use and

7

234467-1

benefit and/or misdirected and failed to account properly for a sum not less than Two Hundred Thousand Five Hundred Fifty Nine and 05/100 Dollars ($200,559.05), which was to be held in trust for ARC's benefit.

42. Upon information and belief, DEFENDANT SYED KHALID SAGHIR has acted willfully, wantonly, maliciously, and in reckless disregard of ARC's rights, all to the substantial and intentional detriment of ARC.

43. DEFENDANT SYED KHALID SAGHIR is liable for any and all damages sustained by ARC in this matter.

WHEREFORE, ARC respectfully requests that judgment as to Count Two be entered in its favor jointly and severally against DEFENDANT SYED KHALID SAGHIR , and DEFENDANT A-K TRAVEL for breach of fiduciary duty and that ARC be awarded monetary damages in an amount not less than One Hundred Ten, One Hundred Thirty Nine and 05/100 Dollars ($110,139.05), punitive damages in the amount of Fifty Thousand and 00/100 Dollars ($50,000.00), attorney's fees and costs, and any other relief that this Court may deem appropriate.

### COUNT THREE: CONVERSION

44. ARC repeats and realleges the allegations and averments set forth in Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

45. Upon information and belief, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN requested or concurred in the request to have ARC forward ARC traffic documents to DEFENDANT A-K TRAVEL, ostensibly for use in accordance with the ARA.

46. Until properly issued to customers of DEFENDANT A-K TRAVEL, the ARC traffic documents remain the property of ARC, pursuant to Section XII.D of the ARA.

47. DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN knew or should have known that the ARA required the submission of weekly sales reports detailing the ARC traffic documents ordered, received, and used by them during the preceding week.

48. Upon information and belief, despite knowledge of ARC's rights, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN wrongfully applied and converted the ARC traffic documents and the proceeds therefrom to their own use and benefit, depriving ARC of its rights.

49. DEFENDANT A-K TRAVEL's bank account was established under Section VII of the ARA, for the benefit of ARC. The account held proceeds of the sale of ARC traffic documents.

50. Despite demand by ARC, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN have failed and refused, and continue to fail and refuse, to pay ARC for the value of the converted ARC traffic documents, in an amount not less than One Hundred Ten, One Hundred Thirty Nine and 05/100 Dollars ($110,139.05).

51. Upon information and belief, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN performed these actions willfully, wantonly, maliciously, and in reckless disregard of ARC's rights, all to the substantial and intentional detriment of ARC.

52. DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN are liable for any and all damages sustained by ARC in this matter.

WHEREFORE, ARC respectfully requests that judgment as to Count Three be entered in its favor jointly and severally against DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN for conversion and that ARC be awarded monetary damages in an amount not less than One Hundred Ten, One Hundred Thirty Nine and 05/100 Dollars ($110,139.05),

punitive damages in the amount of Fifty Thousand and 00/100 Dollars ($50,000.00), attorney's fees and costs, and any additional relief that this Court may deem appropriate.

## COUNT FOUR: STATUTORY CONSPIRACY

53. ARC repeats and realleges the allegations and averments set forth in Paragraphs 1 through 28 as if fully set forth herein.

54. Upon information and belief, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN intentionally conspired to commit unlawful acts to injure and hinder ARC in its lawful business.

55. Upon information and belief, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN issued checks drawn on the A-K TRAVEL bank account(s) that were established under section VII.B of the ARA for the benefit of ARC. The monies in the accounts were proceeds from the sale of ARC traffic documents and were to be held in trust for ARC and the airline carriers.

56. In addition, upon information and belief, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN purposefully conspired to deprive ARC of other monies due from ticket sales by unlawfully diverting sales proceeds to themselves.

57. Upon information and belief, in so conspiring, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN acted outside the scope of their employment with A-K TRAVEL.

58. Upon further information and belief, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN conspired willfully, maliciously, and knowingly to injure ARC.

59. As a direct and proximate result of the conspiracy to injure ARC, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN are liable for ARC's monetary loss in an amount not less than One Hundred Ten Thousand, One Hundred Thirty Nine and 05/100 Dollars ($110,139.05).

WHEREFORE, ARC respectfully requests that judgment as to Count Four be entered jointly and severally against DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN for conspiracy to injure ARC in violation of Virginia Code §18.2-499, *et seq.*, and that ARC be awarded treble damages in the amount of Three Hundred Thirty Thousand, Four Hundred Seventeen and 15/100 ($330,417.15), attorney's fees and costs, and any additional relief that this Court deems appropriate.

### COUNT FIVE: COMMON LAW CONSPIRACY

60. ARC repeats and realleges the allegations and averments set forth in Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

61. Upon information and belief, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN acted in concert to defraud ARC.

62. Upon information and belief, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN combined to accomplish the foregoing unlawful purposes to ARC's detriment.

63. Upon information and belief, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN actively participated in or acted with reckless disregard for the truth about the scheme whereby the weekly sales reports and supporting documentation were prepared so as to deceive ARC and allow continued operations under the ARA.

64. Upon further information and belief, in so conspiring, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN acted outside the scope of their employment with A-K TRAVEL.

WHEREFORE, ARC respectfully requests that judgment as to Count Five be entered jointly and severally against DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN for common law conspiracy to defraud ARC and that ARC be awarded monetary damages in an amount not less than One Hundred Ten, One Hundred Thirty Nine and 05/100 Dollars ($110,139.05), punitive damages in an amount of Fifty Thousand and 00/100 Dollars ($50,000.00), attorney's fees and costs, and any additional relief that this Court deems appropriate.

## COUNT SEVEN: UNJUST ENRICHMENT

65. ARC repeats and realleges the allegations and averments set forth in Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

66. Upon information and belief, DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN possess the proceeds of sales for Dishonored Drafts and Unreported Sales of ARC traffic documents.

67. DEFENDANT SYED KHALID SAGHIR has no legal entitlement to such proceeds in his possession and ought not in justice be allowed to keep the same.

68. DEFENDANT WASIM KHAN has no legal entitlement to such proceeds in her possession and ought not in justice be allowed to keep the same.

69. ARC is legally and equitably entitled to the proceeds from DEFENDANT SYED KHALID SAGHIR's disposal of ARC traffic documents.

70. ARC is legally and equitably entitled to the proceeds from DEFENDANT WASIM KHAN's disposal of ARC traffic documents.

WHEREFORE, ARC respectfully requests the following as to Count Six: (1) that the Court impose constructive trusts severally on the proceeds of the wrongfully disposed of ARC traffic documents in the possession of each of the several DEFENDANTS SYED KHALID SAGHIR and WASIM KHAN, and DEFENDANT A-K TRAVEL, or others for unjust enrichment; (2) that the Court order the Defendants to disgorge the amount each is shown at trial of this matter to have withheld unjustly from ARC; and (3) that the Court award any additional relief that this Court deems appropriate.

Dated this _____th day of October 2010.

          Respectfully Submitted,

          BONNER KIERNAN TREBACH & CROCIATA, LLP

          By: _____
          Felicity A. McGrath (VSB # 41708)
          1233 20th Street, Suite 800
          Washington, DC 20005
          (202) 712-7000
          (202) 712-7100 (facsimile)

          Counsel for the Plaintiff Airlines Reporting Corporation

Plaintiff demands a trial by Jury.

          _____
          Felicity A. McGrath

234467-1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing Complaint was served, via first-class, postage prepaid, this 5 Day of October, 2010, upon:

A-K Travel & Tours, Inc.
c/o Barbara M. Decoster
4801 W. Peterson Ave., Suite 412
Chicago, IL 60646

SYED KHALID SAGHIR
6746 N. Whipple
Chicago, IL 60659

WASIM KHAN
2600 W Peterson Avenue, Suite 100
Chicago, IL 60659-4031

_____
Felicity A. McGrath

234467-1